(22 Misc. Rep. 350.)

## KAHN v. EISLER.

(Supreme Court, Appellate Term.    January 17, 1898.)

NEGLIGENCE—COLLISION ON HIGHWAY.

    In an action to recover damages for injuries due to defendant's alleged negligence, there was evidence that, while the plaintiff was driving along the right or easterly side of a city avenue, the defendant, driving a spirited horse at a very high rate of speed, approached so rapidly on the same side of the roadway that plaintiff, in spite of every effort, was unable to get out of his way, and a collision resulted.    It appeared highly doubtful whether defendant had his horse under control.    *Held,* that a judgment for plaintiff was warranted by the evidence.

Appeal from Third district court.

Action by Baruch Kahn against Frederick Eisler.    From a judgment for plaintiff, defendant appeals.    Affirmed.

Argued before DALY, P. J., and McADAM, J.

H. C. Botty, for appellant.

L. Lowenstein, for respondent.

McADAM, J.    The evidence on which the justice appears to have relied establishes that on April 23, 1897, the plaintiff was driving a Brewster road wagon up the easterly side of Jerome avenue, at a moderate rate of speed; that, when near 171st street, he discovered the defendant coming down the avenue, driving a spirited horse before a light road wagon, speeding with another horse, drawing a light wagon, to the right of defendant; that the defendant's horse was going at the rate of about a mile in three minutes, and was east of the middle of the roadway; that, when the defendant's horse was first seen by the plaintiff, the latter thought it was a runaway, and made every effort to get out of the way, but it came so fast that it collided with his wagon before he had an opportunity to escape.    Mr. Skinner, one of the plaintiff's witnesses, described the occurrence as one caused by gross negligence on the part of the defendant; that it looked to him as though there would be a collision, and he shouted to the plaintiff to look out.

As usual in negligence cases, the defendant and his witnesses gave a different version of the occurrence from that given by the plaintiff, throwing the fault upon the plaintiff; but the circumstances were such as to warrant the justice in believing the plaintiff's evidence, and finding that the collision was caused wholly by the negligence of the defendant.    One thing is certain.    The defendant was driving at such a high rate of speed, with his mind on the horse he was speeding, that it is doubtful whether he had his horse under such control as to avoid doing damage to others lawfully using the highway; and it is highly probable that the accident occurred from this cause.    The question of fact involved was decided on conflicting evidence.    That given by the plaintiff, on the one hand, and by the defendant, on the other, are irreconcilable. The justice had the witnesses before him, observed their appearance and manner of testifying, and had ample opportunity of forming an accurate judgment as to the value of the evidence given.

There is nothing in the case that warrants us in holding that he erred in giving credence to the plaintiff's version of the facts, and, as no point is made as to the amount of the recovery, the judgment must be affirmed, with costs.

DALY, P. J., concurs.